SALEWSKY *v.* WRIGHT.

AUTOMOBILES—NEGLIGENCE—SPEED—MUD PUDDLES ON GRAVEL ROAD.
In action by mother of defendant motorist for injuries sustained
when jolted around in the car as it progressed through a mud
puddle on a gravel road in the springtime at speed of 15 miles
an hour, defendant who had passed over same road twice before
on same day without encountering a hole or drop in the puddle
*held,* entitled to a directed verdict, there being no negligence
on defendant's part in failing to reduce speed lower than
15 miles an hour under the circumstances.

Appeal from Menominee; Bell (Frank A.), J.
Submitted October 11, 1939. (Docket No. 120, Cal-
endar No. 40,734.) Decided December 20, 1939.
Rehearing denied February 14, 1940.

Case by Annie Salewsky against Margaret Salew-
sky Wright for damages for personal injuries sus-
tained while riding in defendant's automobile. Ver-
dict and judgment for plaintiff. Defendant appeals.
Reversed without a new trial.

*Doyle & Doyle,* for plaintiff.

*Denis McGinn* and *Alexander, McCaslin & Cho-
lette,* for defendant.

WIEST, J. Plaintiff is the mother of defendant.
Defendant was about to be married, and on the 18th
day of April, 1937, asked her mother and father to
go with her in her automobile and help arrange the
furniture and do some cleaning in the prospective
home. On the return trip in driving through a mud

puddle in a gravel road the front wheels of the automobile dropped in a rut or hole and then the rear wheels dropped in and the jolts, occasioned thereby, threw the mother from the rear to the front seat and then back, causing injuries, and she brought this suit, claiming that the negligent driving of the daughter caused the accident and injuries, and upon trial by jury had verdict and judgment for $2,800.

On appeal it is claimed defendant was not guilty of any actionable negligence, that she had driven through the same puddle in going to get, and in taking, her parents to the new home and did not encounter any hole or drop, and upon the return she slowed the automobile to a speed of 15 miles per hour as she came to the puddle and, when the front wheels dropped in the hole, she applied gasoline enough to go forward and the automobile continued on its way.

The mentioned facts are not in dispute.

The circuit judge, in denying a motion for a new trial, stated:

"There is practically no dispute in the spoken testimony. Is it a case upon which different honest minds might reach different conclusions on the question of negligence? If so the question was for the jury. If not it was for the court. * * *

"It is a question here of speed, conditions, time and place. There would seem to be as much ground for saying the defendant was negligent as there is to say she was not negligent, as a matter of law. * * * Under the well-established rule of the Michigan courts the conclusion appears clear that the question of negligence was for the jury."

The question is whether there was any evidence justifying a finding of actionable negligence on the part of defendant. Admittedly she had driven through this place in the road twice before the time

of the accident and had experienced no trouble.  Can it be said that in driving through the same spot the third time, after the warmth of a spring day in the county of Menominee, she was guilty of negligence in not reducing the speed of her car below 15 miles per hour?  Is it to be the rule that a driver seeing a mud puddle in the road and through which she has driven twice on the same day must apprehend a possible change and is guilty of negligence if she drives through the third time at a speed of 15 miles per hour?  We cannot so hold.

Under the undisputed facts defendant was entitled to a directed verdict, and the judgment is reversed, without a new trial, and with costs to defendant.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.